Von Hurter *v.* Spengeman.

EMMA VON HURTER, an infant, by her next friend, *vs.* CONRAD SPENGEMAN.

1. A party who acts as the agent of another in the sale of land, and receives the purchase money therefor as such agent, is estopped from questioning the title of his principal to the premises, or to the proceeds of sale.

2. A purchase by an agent or trustee in his own name, while in the performance of his office, enures to the benefit of his principal or *cestui que trust.*

*Mr. A. S. Jackson,* for complainant.

A trustee has no right to avail himself of his position for his own benefit. 2 *Story's Eq. Jur.*, § 1211, *and notes,* § 1211 *a,* § 1261, § 1265; *Mulford* v. *Bowen,* 1 *Stockt.* 797.

Equity will decree the execution of the trust. *Kimball* v. *Morton,* 1 *Halst. Ch. R.* 26.

A formal acceptance of the trust not necessary. *Scull* v. *Reeves,* 2 *Green's Ch. R.* 84.

*Mr. Winfield,* for defendant.

Q*

THE CHANCELLOR. The bill alleges that in the year 1846, Edward F. Von Hurter became seized in fee of a lot in Jersey City, and after mortgaging the same for $825, in January, 1860, agreed to convey the premises to George W. Korn, for $3000. Having previously conveyed the legal title to one Michael Lienan, and having only an equitable title in the premises, Von Hurter, in order to carry his contract with Korn into effect, caused a bill to be filed for the foreclosure of the mortgage and the sale of the mortgaged premises. On the 2d of July, 1860, the premises were sold under a decree of this court, and struck off and conveyed to Spengeman, the defendant, for $2005. Spengeman mortgaged the lot for $1000, and on the 1st of September, 1860, he conveyed it to Korn, in fulfilment of the contract of Von Hurter, for $3000. The mortgage of $1000 constituted a part of the consideration, and the balance of $2000 was paid by Korn to Spengeman. For this sum the bill prays that the defendant may be decreed to account, as trustee for the complainant.

The bill further charges, that the complainant was the adopted daughter of Von Hurter, and had been nurtured, maintained and educated by him and his wife from her infancy until the year 1860. That in May, 1860, Von Hurter, having lost his wife and being about to return to Europe leaving the complainant in this State, appointed Spengeman her guardian, and constituted him the trustee of the fund in question for her benefit.

The material allegations of the bill are either admitted by the answer or satisfactorily established by the evidence. It appears from the answer and evidence in the cause, that Von Hurter not only appointed Spengeman the guardian of the complainant during her minority, but that he also constituted him his attorney, with power to collect all debts and demands due and owing or of right belonging to him in America, and after satisfying certain specified claims and defraying necessary charges and expenses, to appropriate the residue to educate, support and maintain the complainant

during her minority. The defendant admits that by virtue of this power, aside from the fund in question, he has received over $800, and claims to have expended in pursuance of the trust vested in him, over $2400, for which he exhibits his account.

The simple inquiry now is whether the defendant is bound to account to the complainant for the fund in question. Whether he has been guilty of a breach of trust by a misappropriation of the funds in his hand, and whether the account rendered by him is true and fair, may become subjects of inquiry hereafter. The defendant, by his answer, does not deny his liability to account for a part of the funds placed in his hands by Von Hurter. He exhibits an account, by which he claims to have expended, in execution of the trust for the benefit of the complainant, not only the amount of funds in his hands, for which he admits his liability, but also a large portion of the fund in controversy.

But the defendant objects, first, that at the time of the sale to Korn, the title to the lot in question was not in Von Hurter, but that the premises had previously been conveyed to Michael Lienan to secure a debt due to him, and to defeat the claims of Von Hurter's creditors. There is no evidence of fraud practiced or meditated in the conveyance to Lienan. If there was, the objection does not lie in the mouth of this defendant. The land was sold to Korn as the property of Von Hurter. The sale was effected by the defendant. The title was perfected in Korn, and the purchase money was paid to the defendant as the agent of Von Hurter, in fulfilment of that contract. The defendant is estopped from questioning Von Hurter's title to the premises, or to the proceeds of the sale.

The defendant further objects that this property was not purchased by him at the sheriff's sale, as trustee of the complainant, or for her benefit, but that it was purchased in his own name, with his own money, and for his own benefit. It is shown by the evidence, that he prevented competition at the sale by stating that he wanted to save the property for

Von Hurter or his family, or in the language of another witness, that "he was going to bid it in for the benefit of Emma," the complainant. But aside from this testimony, the defendant was not in a position to purchase the property for his own benefit. He was the recognized agent of Von Hurter in the transaction, and the trustee of the fund for the complainant. He negotiated the contract of sale to Korn, and after the title had been perfected by a sale to him, under the decree of this court, he conveyed the premises in pursuance of the contract. A purchase by an agent or trustee in his own name, while in the performance of his office, enures to the benefit of his principal, or *cestui que trust.* 2 *Story's Eq. Jur.*, § 1211, § 1211 a.

Again, it is urged that the fund in question was not the property of the complainant, and constituted no part of the fund entrusted to the defendant for her benefit. The objection is founded upon the terms of the deed from Von Hurter, appointing Spengeman guardian of the complainant, and conferring on him the title to the exclusive charge of the person and *estate* of the complainant. Neither at that time, nor afterwards, had Emma Von Hurter, the complainant, any estate in the land, and it is argued, therefore, that under the terms of the deed she acquired none, either in the land itself or in the proceeds of the sale.

It is not perceived that the terms of the deed, so far as they relate to the appointment of the defendant as guardian, can in any wise affect the rights of the parties. The complainant was not the daughter, but an adopted child of Von Hurter; and for the purpose of this suit, the appointment of guardian may be treated as inoperative and void. But by the same instrument, the defendant is constituted the attorney of Von Hurter, with power to collect all debts and demands of whatever nature and kind, either in law or equity, which were or might be due and owing, or of right belonging to Von Hurter, in America. At the date of the deed there was a subsisting contract for the sale of the land from Von Hurter to Korn, and an engagement on the part of the

vendee to pay the purchase money to Von Hurter. This constitutes the fund in question. By the terms of the deed the residue of the moneys to be collected by the defendant, after defraying certain claims, and paying charges and expenses, were to be appropriated by him to the education, support and maintenance of the complainant till she attain the age of twenty-one years. This constituted the estate of the complainant, of which the defendant, as her guardian, was to have the custody.

It was suggested at the hearing, that Lienan was a necessary party to the suit, on the ground that the decree of foreclosure was against him, as the owner of the equity of redemption, and that the surplus money arising from the sale was, by the order of this court, directed to be paid to Spengeman, he having been authorized by Lienan to receive the same. The objection has been obviated by making Lienan a party defendant. By his answer he admits the equity of the bill, and assents to a decree in favor of the complainant.

The complainant has not been furnished with the funds necessary for her maintanance and education. She is entitled to the relief prayed for. There must be a decree accordingly, and a reference to a master to take and state the account.